

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY LESTER, #B17543 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 C 6529 |
| | ) | |
| LORIENT STANBACK and | ) | |
| ANTHONY BRYANT, | ) | |
| | ) | Wayne R. Andersen |
| Defendants. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff, currently an inmate at Stateville Correctional Center ("Stateville"), brings a *pro se* civil rights action pursuant to 42 U.S.C. §1983. He claims that the defendants, two correctional officers at Stateville, violated his constitutional rights by using excessive force against him. Defendants filed a Motion for Summary Judgment and a submitted LR 56.1 statement of material facts. The court provided Plaintiff with the LR 56.2 Warning for *pro se* plaintiffs regarding summary judgment. Plaintiff responded with an Amended Motion to Deny Summary Judgment to which Defendants replied. For the reasons stated in this order, the Defendants' motion for summary judgment is granted; Plaintiff's motion to deny summary judgment is denied.

### Standard of Law

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *O'Connor v. DePaul Univ.*, 123 F.3d 665, 669 (7th Cir.

1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.*, 115 F.3d 1283, 1289 (7th Cir. 1997); *Condo v. Sysco Corp.*, 1 F.3d 599, 601 (7th Cir. 1993). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters*, 97 F.3d 987, 990 (7th Cir. 1996). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

## Background

The narrative which follows is based on facts submitted by Defendants with which Plaintiff either specifically agrees or did not object.

Plaintiff is incarcerated at the Stateville Correctional Center, the same location in which Defendants are employed as Correctional Officers. Comp. at 2. In this action, Plaintiff alleges that an incident which violated his Eighth Amendment rights occurred on July 23, 2004.

The Illinois Department of Corrections ("IDOC") has a formal, multi-step administrative grievance procedure. *See* Defendants' Exhibit B, Affidavit of Terri Anderson, ¶¶2-6. On January 26, 2005, Plaintiff received a letter from the IDOC indicating that there was an on-going investigation into his allegations. *See* Defendants' Exhibit A, Letter from IDOC. By that time, however, Plaintiff had filed this lawsuit in December, 2004. There is no indication from a search of Administrative Review Board records the Plaintiff filed a grievance, according to the rules set

up by the IDOC related to excessive force by members of the Stateville staff. *See* Defendants' Exhibit B, at ¶7.

## Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If a prison facility has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim. *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). The PLRA does not condition the applicability of the exhaustion requirement on the effectiveness of the administrative remedy available in a given case. *Id.*

Although the IDOC has implemented a multi-step administrative process, *see* 20 Ill.Admin.Code § 504.800, Grievance Procedures for Offenders, Plaintiff argues that it was unnecessary for him to pursue administrative remedies. He offers many cases, some without precedential value and some which do not help his argument, to support his theory that "excessive force" is not a "prison condition" for purposes of the PLRA.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the Supreme Court resolved the argument raised by Plaintiff. The Seventh Circuit explained the Supreme Court's decision as follows:

> In defining the term "prison conditions" as employed in the PLRA, the judicial focus up to now has been, understandably, on other interpretative problems. For instance, there was a great deal of litigation on whether an action based on a single occurrence of violence or excessive force could be classified as an action with respect to "prison conditions." The Supreme Court eventually resolved this issue in *Porter v. Nussle*, 534 U.S. 516 [] (2002), by holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 [].

*Witzke v. Femal*, 376 F.3d 744, 751 (7th Cir. 2004) (footnote omitted) (footnote listing cases). Further, exhaustion of administrative remedies requires that the offender complete the administrative process which has been established by the state before filed his action in federal court. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Plaintiff also may not avoid the exhaustion requirement by claiming futility of the existing grievance process. *Dixon v. Page*, 291 F.3d 485 (7th Cir. 2002).

Accordingly, Plaintiff's argument is without merit. 42 U.S.C. § 1997e(a) makes complete exhaustion a "precondition to suit" and requires dismissal if a prisoner fails to satisfy that condition. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Plaintiff has not fulfilled the preconditions to suit. Thus, Defendants' motion for summary judgment is granted, and Plaintiff's motion to deny summary judgment is denied. *See Barnes v. Briley*, — F.3d ----, 2005 WL 2008226 *3 (7th Cir. August 23, 2005).

## Conclusion

It is therefore ordered that the Defendants' motion for summary judgment is granted. [22]; Plaintiff's motion to deny summary judgment is denied. [32] This case is dismissed in its entirety. Any pending motions are denied as moot. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff pursuant to FED.R.CIV.P. 56. The case is terminated.

ENTER:

Wayne R. Andersen
United States District Judge

Dated: 9/9/2005